Mary Campbell, as Administratrix of the Estate of John Murphy, Deceased, Respondent, *v.* Elsie S. Holding Co., Inc., Appellant, Impleaded with Another.

(Argued June 12, 1929; decided July 11, 1929.)

*Clarence S. Zipp* and *E. C. Sherwood* for appellant. Defendant was the lessor of this loft building in its entirety; the lease contained no warranty by defendant as to the condition of the demised premises, and defendant, therefore, cannot be held liable to its lessee, or to any one upon the premises by the lessee's authority, for an open and obvious condition existing at the time of the letting. (*Elefante* v. *Pizitz*, 182 App. Div. 819; 230 N. Y. 567; *Baitzel* v. *Rhinelander*, 179 App. Div. 735;

*Jaffe* v. *Harteau*, 56 N. Y. 398; *Widmar* v. *Healey*, 247 N. Y. 94; *Hirsch* v. *Radt*, 228 N. Y. 100; *Vousden* v. *United Cities Realty Corp.*, 194 App. Div. 26; *Franklin* v. *Brown*, 118 N. Y. 110; *Lusk* v. *Peck*, 132 App. Div. 426; 199 N. Y. 546; *Steefel* v. *Rothschild*, 179 N. Y. 273; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 N. Y. 245; *Stamm* v. *Purroy*, 170 App. Div. 584; *Ackerly* v. *White*, 58 Hun, 362.)

*Francis Dean* and *Edward J. Elliott* for respondent. The appellant as lessor of the warehouse was properly held' liable for the death of the decedent caused by a dangerous defect which existed at the time the lease was made. (*Swords* v. *Edgar*, 59 N. Y. 28; *Warner* v. *Lucey*, 207 App. Div. 241; 238 N. Y. 638; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 N. Y. 245; *Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310; *Gray* v. *Siegel-Cooper*, 187 N. Y. 376; *Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404.)

KELLOGG, J.  The Elsie S. Holding Co., Inc., was the owner and lessor of a building; the Alamo Warehouses, Inc., was the lessee and occupant.  It had been stipulated that the building was " to be used and occupied as a warehouse " and that all repairs thereto were to be made by the tenant.  The building was equipped with a freight elevator which was operated in an open shaft immediately adjoining the front wall of the building.  This wall, which was wide at the base, narrowed as it rose, so that the inner face of the wall inclined outward.  So much out of plumb was the wall that the elevator platform, which almost touched the wall when at the first floor, raised to the eighth floor, was eighteen inches distant therefrom.  The elevator had side walls but was entirely open front and back.  Consequently, when the elevator was at the eighth floor, between the wall of the building and the edge of the platform there was an uncovered opening eighteen inches wide, access to which from the platform was unobstructed by any rail or other guarding

obstacle. John Murphy, an employee of the lessee Alamo Warehouses, Inc., was at work on the eighth floor unloading a truck which he had wheeled upon the elevator platform. In some unexplained manner he fell through the opening and was killed. This action was thereupon brought by the administratrix of his estate against the lessor, Elsie S. Holding Co., Inc., to recover damages for his death.

It is a familiar rule that the lessor of a building is not liable for injuries to the lessee, or others upon the premises in the right of the lessee, resulting from a structural defect existing when the lessee took possession. (*Jaffe* v. *Harteau*, 56 N. Y. 398; *Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310; *Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Widmar* v. *Healey*, 247 N. Y. 94; Restatement of the Law of Torts, Tentative Draft, No. 4, § 226.) The rule does not apply if the lessor rents the premises for a public use to which he knows they are unsuited. (*Swords* v. *Edgar*, 59 N. Y. 28; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 N. Y. 245; *Timlin* v. *Standard Oil Co.*, 126 N. Y. 514; *Lusk* v. *Peck*, 132 App. Div. 426; 199 N. Y. 546; *Junkermann* v. *Tilyou Realty Co.*, *supra*.) Thus, the lessor is liable for accidents and injuries resulting, if, knowing its unsuitability therefor, he leases for use in serving the public a defective dock (*Swords* v. *Edgar*, *supra*); a defective grand stand in an athletic park (*Lusk* v. *Peck*, *supra*); a defective toboggan slide (*Barrett* v. *Lake Ontario Beach Imp. Co.*, *supra*); a garage with a defective elevator (*Warner* v. *Lucey*, 207 App. Div. 241; 238 N. Y. 638); an amusement park with a defective board walk (*Junkermann* v. *Tilyou Realty Co.*, *supra*). This court has stated the exception to the rule of non-liability as follows: " If the premises are rented for a public use for which he [the lessor] knows that they are unfit and dangerous, he is guilty of negligence and may become responsible to persons suffering injury, while rightfully using them." (*Barrett* v. *Lake Ontario Beach Imp. Co.*,

*supra.*)   The American Law Institute, avoiding a possible ambiguity resting in the word " public," has stated the exception as follows: "A lessor who leases land for a purpose which involves the admission of a large number of persons as patrons of his lessee, is subject to liability for bodily harm caused to them by an artificial condition existing when the lessee took possession, if the lessor (a) knew or should have known of the condition and realized or should have realized the unreasonable risk to them involved therein, and (b) had reason to expect that the lessee would admit his patrons before the land was put in reasonably safe condition for their reception." (Restatement, § 229.)

In this instance there was no evidence that the premises were rented to be used in serving the public or a large number of persons; none, that the public or a large number of persons have been admitted to the premises.   True it is that the premises were " to be used and occupied as a warehouse."   Whether the warehouse was to be used to store goods for the public for a hiring charge, or merely to store the merchandise of the lessee, was not stated and has not been proven.   We are aware that in *Edwards* v. *N. Y. & H. R. R. Co.*, and *Barrett* v. *Lake Ontario Beach Imp. Co.* (*supra*) it was said that a lessor who " lets a building for a warehouse " or " lets a warehouse," knowing that its floors will break down from the weight to be placed upon them, is liable for injuries resulting to a person lawfully therein from a collapse of its floors.   We think that the plaintiff can justly draw no comfort from the statements made.   In the first place they were *obiter dicta*.   In the second, the context shows that the court spoke concerning warehouses which served a public use. Thus, in the first of the two cases, the court was at pains to explain the holding in *Swords* v. *Edgar* (*supra*), where a lessor of a defective dock was held liable, by saying that " a dock is regarded as a species of public highway."   In the second, the instance of the warehouse was cited to illustrate the general rule of liability where " premises

are rented for a public use," the statement of which by the court in the cited case we have already quoted in full. As the building in question here may have been leased for private storage by the lessee, may have been used exclusively therefor, and may never have been intended for use, or been used, by a large number of persons, we think that liability for the death of John M'urphy never attached to make the lessor, the defendant Elsie S. Holding Co., Inc., responsible in damages therefor.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment reversed, etc.