HERBERT MAXEY, Appellant, v. FARMERS LOAN AND TRUST COMPANY, as Successor Trustee of the Trusts Created under the Last Will and Testament of SOLOMON M. SWARTZ, Deceased, Defendant, and FARMERS LOAN AND TRUST COMPANY, Respondent.— Judgment and order unanimously affirmed, with costs. The complaint might well have been dismissed but since the defendant, respondent, had a verdict the same result has ensued. No liability was established against the defendant owner (*Beauchamp* v. *Excelsior Brick Co.*, 143 App. Div. 48; *Campbell* v. *Holding Co., Inc.*, 251 N. Y. 446), because the plaintiff's rights as against the defendant owner were no greater than would have been such rights if the tenant, plaintiff's employer, had been the injured party. It is this relationship that takes the plaintiff's case out of the scope of the cases that he cites and invokes, and his complaint that they were not made the subject of an adequate charge by the trial court to the jury is, therefore, not well founded. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

JAMES J. MCCABE and JOHN L. MCCABE, as Administrators of the Estate of BERNARD J. MALONE, Deceased, Respondents, v. JOHN W. BLOCK, Appellant.— Order denying defendant's motion to bring in a third party as a defendant under subdivision 2 of section 193 of the Civil Practice Act, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

METROPOLITAN HOTEL SUPPLY COMPANY, Appellant, v. LILLIAN C. SCHWARTZMAN and Others, Respondents, and BELLA HURWITZ, Defendant.— Order opening default of defendants, respondents, in serving their answers reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Facts showing a meritorious defense are not given. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

MEYER COAL CORPORATION, Respondent, v. SOMERS & CONZEN COAL CORPORATION and Others, Defendants, and JACOB EILPERIN and SECURITY COAL CORPORATION, Appellants.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to abide the event. In our opinion, the evidence presented questions of fact to be determined by the jury, and it was error for the trial court to direct a verdict in plaintiff's favor. We are further of opinion that the commencement of the former action to rescind the contract did not constitute an election of remedies by plaintiff if, at the time of its commencement, plaintiff did not have full knowledge of the facts necessary to make such an election. Whether or not it had such knowledge is one of the issues to be submitted to the jury with the other questions of fact. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.