Purchaser, Appellant.— Order canceling stipulation reversed upon the law and the facts, with ten dollars costs and disbursements, and motion for such order denied, with ten dollars costs. Order denying motion to vacate order adjudging appellant in contempt reversed upon the law and the facts, without costs, and motion granted, without costs. By entering into the stipulation, which in terms vacated the contempt order, without reserving the right to rearrest appellant, a new agreement was made. Thereby the respondent waived and abandoned any right she may have had to enforce the contempt order. She must now seek her rights and remedies under the agreement. It cannot be declared a nullity upon a motion. Kapper, Hagarty, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents.

HARRY SABEL, Respondent, v. NATHAN BORIN, Appellant.—Order, in so far as it requires defendant, as a condition to the opening of his default, to file a bond for the full amount of the judgment, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

ROSE SCHWARTZ, Appellant, v. JAMES E. MARRIN, Respondent.— Judgment unanimously affirmed, with costs. (*Campbell* v. *Holding Co., Inc.*, 251 N. Y. 446.) Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

ARTHUR J. STRAUS and JACK S. GRAUMAN, Respondents, v. SAMUEL SAX and ISIDOR ROGERS, Appellants.— Order and judgment reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied as to both defendants, with ten dollars costs. In our opinion there are triable issues which should not be disposed of on the pleadings or by motion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

SADIE TAORMINA, Appellant, v. LUIGI J. TAORMINA, Respondent. (Appeal No. 1.) — Order and order on reargument reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to punish defendant granted, with ten dollars costs, with leave to defendant to purge himself of contempt by paying the sum of two hundred dollars in semi-monthly installments of fifty dollars, beginning February 2, 1931. Defendant did not pay the alimony directed to be paid and is, therefore, in contempt; but as the contempt may not have been willful he is permitted to purge himself of it as herein provided. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.

SADIE TAORMINA, Appellant, v. LUIGI J. TAORMINA, Respondent. (Appeal No. 2.) — Order denying plaintiff's motion to vacate order adjourning action affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

TOWN OF ISLIP, Respondent, v. F. E. SUMMERS COAL & LUMBER COMPANY, INC., Appellant, and Others, Defendants. In the Matter of the Application of F. E. SUMMERS COAL & LUMBER COMPANY, INC., Appellant, for a Peremptory Writ of Mandamus against WARREN C. HAFF, as Town Clerk of the Town of Islip in Suffolk County, New York, Respondent.— Judgment reversed upon the law and the facts, with costs to appellant, and judgment directed for the appellant, with costs. The question here involves the constitutionality of the Zoning Ordinance adopted by the town of Islip, pursuant to article 17-C, sections 349-o to 349-w, of the Town Law,* by resolution adopted on the 11th day of August,

*Added by Laws of 1926, chap. 714.— [REP.