MARY CONROY, Plaintiff, *v.* MATTHEW SCANLON and Another, Defendants.

City Court of New York, Trial Term, Bronx County, March 20, 1936.

*Benjamin B. Nelson*, for the plaintiff.

*Frederick Mellor* [*Joseph F. Lenihan* of counsel], for the defendants.

EVANS, J. The complaint is grounded on the theory that the premises is a multiple dwelling, that a defective floor developed during the plaintiff's occupancy of it, and that the defendants landlords, after due notice, and sufficient opportunity, promised to repair it, and failed to keep their promise.

The evidence, however, shows that the premises is a two-family house, not within the purview of the Multiple Dwelling Law.

The evidence admitted, without objection, showed that the defective flooring was visible at the time of the letting, and that the plaintiff hired it, on the promise of the landlord to repair the defect, which defendants neglected to do.

Under the circumstances, the relationship of landlord and tenant is not any ground of liability. As was said by Chief Judge POUND in *Kilmer* v. *White* (254 N. Y. 64, at p. 73), quoting from *Willcox* v. *Hines* (100 Tenn. 538, 549; 45 S. W. 781): " The ground of liability upon the part of a landlord when he demises dangerous property, has nothing special to do with the relation of landlord and tenant. It is the ordinary case of liability for personal misfeasance, which runs through all the relations of individuals to each other."

In *Jaffe* v. *Harteau* (56 N. Y. 398) it was said, by way of dictum, that a lessor of buildings is not liable for defective conditions unless there is fraud concealing the dangerous conditions or an agreement to correct them, which is not observed.

But in none of the cases follow ng *Jaffe* v. *Harteau* (*supra*) can there be found one where liability was grounded alone on the failure to keep a promise to repair, where the letting was for private use, as distinguished from public use, and where the danger affected only the tenant and his visitors, and not the public.

We examine, in vain, the leading cases on the subject to ascertain if the dictum la d down in *Jaffe* v. *Harteau* (*supra*) applies to the letting of a private dwelling, so far as it concerns the tenant and his visitors.

*Junkerman* v. *Tilyou Realty Co.* (213 N Y. 404) concerned an amusement park; *Timlin* v. *Standard Oil Co.* (126 id. 514); *Klepper* v. *Seymour House Corp.* (246 id. 85); *Wilks* v. *N. Y. Telephone Co.* (243 id. 351); *Zolezzi* v. *Bruce-Brown* (Id. 490) all concerned buildings and structures, as they affected, not the tenants, but the public. (*Campbell* v. *Holding Co., Inc.*, 251 N. Y. 446.)

It certainly is clear that the failure to repair any defect that develops during occupancy, pursuant to a promise, alone, will not give rise to an action in negligence. (*Cullings* v. *Goetz*, 256 N. Y. 287.)

In this case there is no question of fraud, because the evidence shows that the dangerous condit on was as obvious to plaintiff as it was to defendants. Liability, if any, must be predicated on the promise to repair and the failure to keep that promise.

If the broken promise of a landlord to repair a defect developed during occupancy gives no ground for an action in negligence, upon what greater plane stands the same broken promise to repair a defect obvious at the time of the letting?

In reason, I can see no distinction between the two.

The verdict of the jury in favor of the plaintiff is, therefore, set aside, and the defendant's motion to dismiss the complaint at the close of the whole case is granted.