## DELLANGELO v. HOME OWNERS' LOAN CORPORATION.

District Court, S. D. New York.

Feb. 17, 1943.

Jack J. Goldfarb, of New York City (Louis Feren, of New York City, of counsel), for plaintiff.

Jacob D. Menkes, of New York City, for defendant.

CONGER, District Judge.

The above action was tried by the court without a jury.

The plaintiff suffered injuries by falling down the stairs leading from her apartment on the second floor to the ground floor. Plaintiff was a tenant in a dwelling house owned by the defendant at Harrison, N. Y. There were two tenants in the building. The stairway was not a common stairway. Plaintiff was, and had been for some time, a tenant of defendant on a month to month basis. Plaintiff asserts her fall was caused by the defective condition of the top step of the stairway.

The complaint apparently charges (paragraph eight of the amended complaint) both negligence and nuisance. Negligence in that the landlord had permitted the stairs to become dilapidated and out of repair as the result of which plaintiff was caused to fall and injure herself.

Plaintiff clearly cannot recover on the theory of negligence. The rule is that where the lessor leases premises to a tenant, with or without a covenant to repair, no liability attaches to the lessor in tort for failure to repair. Cullings v. Goetz, 256 N.Y. 287, 176 N.E. 397. There are some well recognized exceptions to this rule; none of which are here present.

On the trial, however, and in the briefs submitted to me, it appears that plaintiff relies for recovery on the theory of nuisance.

For the purpose of this decision, I assume that the defective condition, herein complained of, was present at the last monthly letting; that it constituted a nuisance; that the defendant had notice of it; that it was the proximate cause of plaintiff's fall and that the plaintiff was free from contributory negligence.

The nuisance here presented is one which grew out of alleged negligence. It was not an absolute nuisance; neither was it based on an unlawful act.

As claimed by the plaintiff, the nuisance was an open and visible structural defect which had been in existence for at least six months and was known to both plaintiff and defendant.

Under all the circumstances of the case, I find that the plaintiff may not recover on the theory of nuisance. The premises demised were not for public use; neither was there any hidden defect known to the landlord but not disclosed at the time of letting to the tenant. "It is a familiar rule that the lessor of a building is not liable for injuries to the lessee, or others upon the premises in the right of the lessee, resulting from a structural defect existing when the lessee took possession." Campbell v. Elsie S. Holding Co., 251 N.Y. 446, 167 N.E. 582.

In Cohen v. Home Title Insurance Co., Sup., 2 N.Y.S.2d 245, 248, liability was sought to be enforced on the ground that the condition was present at the time of renting and constituted a nuisance. Justice Steinbrink in disposing of that contention wrote as follows:

"Plaintiffs argue that, since the condition complained of existed at the time of the renting, the defendant is liable on the theory of nuisance, regardless of whether it had control at the time of the accident. But the rule is that the lessor of a building is not liable for injuries to the lessee or others on the premises in the right of the lessee, resulting from a structural defect existing when the lessee took possession. Campbell v. Elsie S. Holding Co., Inc., 251 N.Y. 446, 448, 167 N.E. 582."

Judgment for the defendant. The complaint is dismissed.

If findings of fact and conclusions of law are submitted, they should be triple-spaced typed, and on five days' notice. The opposing counsel, if he be so disposed, should submit, on two days' notice, criticisms of the proposed findings, as counter findings will avail him nothing.