■ SANDRA M. STRADE, Appellant, v MARILYN C. W. RYAN, Defendant and Third-Party Plaintiff-Respondent. M. T. CHAPPEL CORPORATION, Third-Party Defendant-Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered September 23, 1982 in Chenango County, upon a dismissal of the complaint by the court at Trial Term (Lee, Jr., J.), at the close of plaintiff's case. Plaintiff commenced employment as manager of a Kentucky Fried Chicken restaurant located in Norwich, New York, on May 16, 1978. On the following day, May 17, she fell in the area by a cooler located off the kitchen at the rear of the restaurant facility. As a result of injuries allegedly sustained due to the fall, plaintiff commenced the instant action against defendant, the owner and lessor of the restaurant, alleging, *inter alia,* that the ramp on which she fell was improperly constructed. Defendant impleaded third-party defendant, who is the lessee of the building and plaintiff's employer. At the close of plaintiff's case, the trial court granted defendant's motion for a nonsuit and dismissed plaintiff's complaint. This appeal ensued. In granting defendant's motion for a nonsuit, Trial Term relied on *Campbell v Holding Co.* (251 NY 446). Therein, the Court of Appeals explained that: "the lessor of a building is not liable for injuries to the lessee, or others upon the premises in the right of the lessee, resulting from a mere structural defect existing when the lessee took possession [citations omitted]. The rule does not apply if the lessor rents the premises for a public use to which he knows they are unsuited [citations omitted]." (*Id.,* at p 448; see, also, 34 NY Jur, Landlord and Tenant, § 458, p 329.) In the present case, it is uncontroverted that the structural defect alleged to have caused plaintiff's injury was in existence at the time the building was leased by defendant to third-party defendant. Plaintiff, however, contends that the instant case falls within the exception set forth in *Campbell,* namely, that defendant leased the premises for public use and knew that the building would be used as a restaurant. This contention must be rejected as the ramp on which the injury is claimed to have occurred was not open to the public but was only used by employees of third-party defendant. Plaintiff next contends that *Campbell v Holding Co. (supra)* was implicitly overruled by *Basso v Miller* (40 NY2d 233). This contention, however, is without merit. In *Basso,* the Court of Appeals abolished distinctions made as to the degree of care owed by a possessor of property based upon the status of the person on the premises. The court held that the duty of a possessor should not vary with the status of the person on the property, but instead, the possessor should act reasonably to maintain safe conditions in view of all the circumstances. In the present case, the status of plaintiff, i.e., whether she was a licensee, trespasser or invitee, is not at issue. The issue is not the degree of

care owed by defendant but whether defendant, a landlord not in possession, owed any duty at all to plaintiff. Accordingly, we find the holding in *Basso* inapplicable to this case. Plaintiff's final contention is that public policy requires a landlord to be held liable for structural defects which cause personal injuries to those on the premises. We are unable to agree with this contention and would only note that the Court of Appeals has consistently cited *Campbell* with approval (see, e.g., *Putnam v Stout,* 38 NY2d 607, 617; see, also, *Bacon v Altamont Farms,* 33 AD2d 708, affd 27 NY2d 936). The judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ., concur.