■ MICHAEL J. MANCINI, Appellant, v CAPPIELLO REALTY CORPORATION, Defendant and Third-Party Plaintiff-Respondent. CAPPIELLO DAIRY PRODUCTS, INC., et al., Third-Party Defendants-Respondents.—Weiss, J. Appeal from an order of the Supreme Court (White, J.), entered October 5, 1987 in Montgomery County, which granted defendant's motion for summary judgment dismissing the complaint.

In January 1979, plaintiff began employment with third-party defendant Cappiello Dairy Products, Inc. (hereinafter Dairy), which operated a cheese manufacturing facility. On June 29, 1979, while plaintiff was engaged in skimming foam from the surface of a cheese tank, he slipped and fell into the vat, sustaining first and second degree burns over approximately 40% of his body surface. Plaintiff commenced this action seeking damages against defendant, Cappiello Realty Corporation*, the owner-lessor of the premises, alleging that the cheese processing room where the accident occurred had been improperly designed and constructed. In particular, plaintiff maintains there was an insufficient number of floor drains, improper placement of the drains and inadequate sloping of the floor. He further asserts that defendant negligently utilized quarry tiles instead of nonskid tiles for the floor surface. Defendant commenced a third-party action against Dairy, the lessee of the premises, as well as the architect and masonry contractor who performed renovation work on the cheese processing room. Defendant moved for summary judgment claiming, *inter alia,* that in its capacity as owner-lessor it was not liable for plaintiff's injuries. Supreme Court granted the motion and plaintiff has appealed.

---

* Cappiello Realty Corporation was dissolved on December 31, 1986 according to Julio Cappiello, a 50% shareholder. Notably, Cappiello was also a 50% shareholder in Dairy. The remaining interest in both corporations was held by his sister.

We affirm. The threshold question before us is whether defendant owed a duty of due care to plaintiff under the described circumstances. It is well settled that an owner-lessor "is not liable in negligence for conditions upon the land after the transfer of possession and control" *(Bellen v Lomanto,* 125 AD2d 905, *lv denied* 69 NY2d 610; *see, Putnam v Stout,* 38 NY2d 607, 617). This rule extends to structural defects in existence when the lessee takes possession *(Campbell v Elsie S. Holding Co.,* 251 NY 446, 448; *Strade v Ryan,* 97 AD2d 880). The record here convincingly establishes that defendant did not, in fact, retain any degree of control over the subject premises in its 1978 lease agreement with Dairy. Notably, defendant did not assume any responsibility for making repairs *(see, Putnam v Stout, supra),* and the equipment on the premises was owned and maintained exclusively by Dairy.

Plaintiff theorizes, nonetheless, that defendant remains responsible for his injuries by virtue of its negligent design and renovation of the cheese processing room in which he was injured. This renovation took place in 1971, and the record does indicate that defendant acted as general contractor for the project. To the extent plaintiff attempts to establish liability for common-law negligence or a violation of Labor Law § 200, we need only observe that the duty of an owner or general contractor to provide a safe place to work is contingent upon contractual or other actual authority to control the activity in which the injury was sustained and prior notice of the unsafe condition *(Russin v Picciano & Son,* 54 NY2d 311, 317; *Nowak v Smith & Mahoney,* 110 AD2d 288, 289). Here, plaintiff was injured in the course of employment with Dairy and there is no indication that defendant exercised any actual control over the work site. Nor can we agree that defendant's participation in the design of the cheese processing room serves to distinguish this case from *Campbell v Elsie S. Holding Co. (supra)* and *Strade v Ryan (supra),* the primary cases relied on by Supreme Court *(see, Figler v Subin,* 18 AD2d 702, *affd* 14 NY2d 740). Notwithstanding defendant's asserted involvement in the room design, the fact remains that any purported structural defects were in existence and readily discernible when the lease agreement with Dairy was executed. Thus, we agree with Supreme Court that the rulings in *Campbell* and *Strade* are apposite and serve to deflate plaintiff's claim *(see also, Bacon v Altamont Farms,* 33 AD2d 708, *affd* 27 NY2d 936; *Figler v Subin, supra).*

In any event, plaintiff has failed to raise a triable issue of fact that a structural defect actually existed. In support of its

motion for summary judgment, defendant submitted the affidavit of Dale Chilton, a dairy consultant with the Department of Agriculture and Markets, who opined that the cheese processing room was designed in accord with industry standards. The affidavit by defendant's president shows the premises were in the same structural condition on the date of the accident. Upon this showing, it was incumbent upon plaintiff to come forward with sufficient proof in evidentiary form to demonstrate the existence of a structural impairment. To this end, the affidavits of plaintiff and his attorney were plainly insufficient. Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.