■ JESSIE I. BRADY et al., Respondents, v FRANK J. COCOZZO, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Brown, J.), entered May 1, 1990 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Jessie I. Brady (hereinafter plaintiff) and her husband commenced this personal injury action seeking damages for injuries allegedly sustained on September 2, 1987, when plaintiff's right hand was closed in a door at a public restroom in a gasoline station located in the City of Mechanicville, Saratoga County. The gas station is operated by Getty Petroleum Company and was leased from defendant effective July 1987. Prior to entering into this lease, defendant operated the gas station for approximately eight years and plaintiff had worked for him. The lease provided that all maintenance was to be the responsibility of Getty.

Following joinder of issue defendant moved for summary judgment, claiming that he had no prior knowledge of any defects concerning the door and all rights and obligations concerning the property were conveyed to Getty. Defendant essentially argued that because he was a nonpossessory landlord at the time of plaintiff's injury, he did not owe a duty of care to plaintiff. Plaintiffs opposed this motion, arguing principally that defendant had notice that the door was dangerous prior to the effective date of the lease. Supreme Court denied defendant's motion and this appeal ensued.

We affirm. The general rule is that an out-of-possession landlord who relinquishes control of the premises is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises (see, Williams v Saratoga County Agric. Socy., 277 App Div 742, 744). An exception to this rule exists, however, "where the lessor rents premises for a public use when he knows, or should have known, that they are in a dangerous condition" at the time of the lease (supra, at 744, citing Campbell v Holding Co., 251 NY 446). For this exception to apply, the claimed injury must have occurred in an area open to the public and not just open to employees of the lessee (see, Strade v Ryan, 97 AD2d 880).

Here, defendant does not dispute in any fashion that plaintiff's injury took place in an area open for the general public's use (see, Prosser and Keeton, Torts § 63, at 439 [5th ed]). Further, plaintiff avers in an affidavit that she and a co-

worker repeatedly complained to defendant that the ladies' room door was dangerous prior to the effective date of the lease. This evidence clearly raises a question of fact as to defendant's knowledge and whether this knowledge was conveyed to Getty. When triable questions of fact have been presented by a party opposing summary judgment, the granting of such a motion is improper (CPLR 3212 [b]).

We note finally that although defendant also bases its motion on a hold harmless clause in the lease wherein Getty promised to take the premises "as is", such a clause, if valid, would only possibly serve to bar a claim against defendant by Getty and would not apply to third parties (see, Inverso v Whitestone Tr. Mix Corp., 30 AD2d 565, 566).

Mahoney, P. J., Weiss, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.