■ MICHAEL J. DE BRINO JR., as Administrator of the Estate of EILEEN M. DE BRINO, Deceased, Appellant, v BENEQUISTA AND BENEQUISTA REALTY, INC., Respondent. (And a Third-Party Action.)—Mercure, J. Appeal from an order of the Supreme Court (Doran, J.), entered March 21, 1990 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

This personal injury action was commenced in 1981 to recover damages allegedly sustained by plaintiff's decedent on March 14, 1980 as a result of a fall at decedent's place of employment, the Woodlawn branch of Capital District Off-Track Betting Corporation in the City of Schenectady, Schenectady County. Decedent was apparently returning from her lunch break to her work station when her foot caught on the carpeting in an area reserved for employees only. The premises had been leased by defendant's assignor to the City in 1975 under the terms of an agreement which provided that, with the exception of structural repairs, all maintenance was to be the responsibility of the lessee. Following joinder of issue, defendant moved for summary judgment claiming that, because it was a nonpossessory landlord at the time of the injury, it did not owe a duty of care to decedent. Supreme Court granted defendant's motion and this appeal ensued.

We affirm. It is well settled that an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises (see, *Mancini v Cappiello Realty Corp.*, 144 AD2d 154, 155, *lv denied* 73 NY2d 708; *Gelardo v ASMA Realty Corp.*, 137 AD2d 787, 788; *Bellen v Lomanto*, 125 AD2d 905, *lv denied* 69 NY2d 610; *Williams v Saratoga County Agric. Socy.*, 277 App Div 742, 744). The rule does not apply, however, "if the lessor rents the premises for a public use to which he knows they are unsuited" (*Campbell v Holding Co.*, 251 NY 446, 448; see, *Williams v Saratoga County Agric. Socy., supra*). Although it is by no means clear that defendant, as the lessor, knew or should have known that the premises were in a dangerous condition at the time they were rented (see, *supra*), here the exception could not apply because the injury is not claimed to have occurred in an area which was open to the public (see, *Strade v Ryan*, 97 AD2d 880; cf., *Brady v Cocozzo*, 174 AD2d 814). Accordingly, Supreme Court's order should be affirmed.

Mahoney, P. J., Casey, Weiss and Levine, JJ., concur. Ordered that the order is affirmed, with costs.