■ THERESA FRESINA, Appellant, v FRANK J. NEBUSH, JR., et al., Respondents. [619 NYS2d 447] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment. "It is well settled that an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises" (De Brino v Benequista & Benequista Realty, 175 AD2d 446). The record establishes that defendants did not retain any control over the premises in their lease agreement with plaintiff's employer and that they did not undertake a course of conduct demonstrating that they had assumed responsibility to make repairs (see, Putnam v Stout, 38 NY2d 607, 617; Mancini v Cappiello Realty Corp., 144 AD2d 154, 155, lv denied 73 NY2d 708; Gelardo v ASMA Realty Corp., 137 AD2d 787, 788). Plaintiff submitted no evidence supporting the contention that her injury occurred in an area open to the public (see, Strade v Ryan, 97 AD2d 880). Further, absent proof that defendants possessed or exercised any authority or control over the workplace, defendants are not liable to plaintiff for the alleged violations of Federal and State occupational safety regulations. Thus, the court properly denied plaintiff's motion to amend the bill of particulars to allege violations of 29 CFR 1910.23 and 12 NYCRR part 16 (see, Lafleur v Power Test Realty Co. Ltd. Partnership, 159 AD2d 691, 692; Mancini v Cappiello Realty Corp., supra, at 155). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Callahan and Doerr, JJ.