■ Andrea M. Fuller et al., Plaintiffs, v Frank D. Marcello, Defendant, Pino Restaurant, Inc., Doing Business as Billy Bob's, Appellant, and David W. Hoffman et al., as Trustees of the 1997 Hoffman Family Living Trust, Respondents. [832 NYS2d 351]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered January 3, 2006 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of defendants David W. Hoffman and David W. Hoffman and Amy E. Hoffman, trustees of the 1997 Hoffman Family Living Trust, for summary judgment on their cross claim for indemnification against defendant Pino Restaurant, Inc., doing business as Billy Bob's.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Andrea M. Fuller (plaintiff) when defendant Frank D. Marcello, mistakenly believing that his car was in reverse, drove his car forward into the pedestrian area of a restaurant, striking a support pole and causing the pole to fall on plaintiff. Supreme Court erred in granting that part of the motion of defendants David W. Hoffman and David W. Hoffman and Amy E. Hoffman, trustees of the 1997 Hoffman Family Living Trust (collectively, Hoffman defendants), for summary judgment on their cross claim for indemnification against defendant

Pino Restaurant, Inc., doing business as Billy Bob's (Pino). The Hoffman defendants contended in support of their motion that, as out-of-possession landlords, they have no liability for the condition of the property that was leased to and operated by Pino. Although an out-of-possession landlord who relinquishes control of the premises generally is not liable for injuries caused by an unsafe condition existing on the premises, there is an exception to that general rule " 'where the lessor rents premises for a public use when he knows, or should have known, that they are in a dangerous condition' at the time of the lease" (*Brady v Cocozzo*, 174 AD2d 814, 814 [1991]; *see Campbell v Holding Co.*, 251 NY 446, 448-449 [1929]). Here, the evidence submitted in support of the Hoffman defendants' motion establishes that the premises were generally in the same condition at the time of the accident as when David Hoffman owned and operated the premises. Furthermore, David Hoffman testified at his deposition that he was aware that another vehicle previously had crashed into the restaurant. We thus conclude that the Hoffman defendants failed to meet their initial burden of establishing that they did not know, or had no reason to know, of the alleged dangerous condition of the property at the time of the lease (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.