Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 19, 2012, which denied defendants Vic’s Hole in One, LLC and Vic’s Lucky Number Nine, LLC’s (Vic’s) motion for summary judgment dismissing the complaint and all cross claims as against them, and on their cross claim for contractual indemnification against 60 Sweet Thing, Inc., denied their motion to strike defendant 60 Sweet Thing, Inc.’s (60 Sweet) pleadings as a sanction for spoliation, and denied 60 Sweet’s cross motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant the Vic’s defendants’ motion for summary judgment dismissing the complaint and all cross claims against them, and on their cross claim for contractual indemnification, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff seeks damages for injuries sustained on December 16, 2008, when she tripped and fell down a two-step, interior staircase, at premises owned by Vic’s and leased to 60 Sweet, which operated the premises under the name of Redemption Cocktail Lounge and Café.
The Vic’s defendants established entitlement to dismissal of the complaint. As out-of-possession landlords, with a limited right to reenter, they could only be liable for negligence “based on a significant structural or design defect that is contrary to a specific statutory safety provision” (Johnson v Urena Serv. Ctr., 227 AD2d 325, 326 [1st Dept 1996], lv denied 88 NY2d 814 *427 [1996]). The only condition alleged on appeal to serve as a predicate for Vic’s potential liability involves the riser heights of the steps. Even if the alleged Building Code provision, which concerns uniformity, were applicable and had been violated, the same would not constitute a significant structural or design defect and could not serve as a basis for liability against Vic’s (see Kittay v Moskowitz, 95 AD3d 451 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; Babich v R.G.T. Rest. Corp., 75 AD3d 439 [1st Dept 2010]).
In contrast, 60 Sweet did not meet its burden of establishing that the alleged condition of the stairs was an open and obvious one. Plaintiff testified that she fell on the stairs because she did not see them, that the stripes covering the vertical portions of the steps were not visible from the direction she was walking at the time and that it was darker than depicted in photographs of the scene. Plaintiff and her expert further described the steps as appearing to blend into each other. Under these circumstances, it cannot be said, as a matter of law, that the condition was open and obvious and not inherently dangerous (see Centeno v Regine’s Originals, 5 AD3d 210 [1st Dept 2004]).
Notwithstanding that the Vic’s defendants are free from liability, they have not established entitlement to summary judgment on their cross claim for contractual indemnification for costs and expenses against 60 Sweet. Under the terms of the lease, such recovery is dependant upon 60 Sweet’s actions causing and/or contributing to the accident, which has not yet been established. Concur—Mazzarelli, J.P, Ajidrias, Saxe, ManzanetDaniels and Gische, JJ.