*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 20, 2014       518191
_____

DAVID WAYMAN,

                Plaintiff,

    v

ROY STANLEY, INC., et al.,

                Appellants,

      and                           MEMORANDUM AND ORDER

SAMUEL MITCHELL et al.,

                Respondents.

(And a Third-Party Action.)
_____

Calendar Date: October 9, 2014

Before: Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

      Costello, Cooney & Fearon, PLLC, Syracuse (Jennifer L. Wang of counsel), for appellants.

      Sugarman Law Firm, LLP, Syracuse (Leigh Leiberman of counsel), for respondents.

_____

Lynch, J.

      Appeal from that part of an order of the Supreme Court (Rumsey, J.), entered March 11, 2013 in Cortland County, which granted a motion by defendants Samuel Mitchell and S.J.M. Entertainment Corporation for summary judgment dismissing the complaint against them.

      In November 2006, while working as a manager of a movie theater, plaintiff broke his arm when he fell down an interior

stairway leading to the theater's projection room.  The theater building was owned by defendants Samuel Mitchell and S.J.M. Entertainment Corporation (hereinafter collectively referred to as SJM) and leased to plaintiff's employer.  SJM retained defendants Roy Stanley, Inc. and M.W. Kronek, Inc. (hereinafter collectively referred to as Stanley) to build the stairway in 1996 as part of a renovation and addition project.  The stairway, which was not accessible to members of the public, consisted of three wooden steps to a concrete landing.  The riser from the third step to the landing was constructed of concrete blocks.  Plaintiff, who was alone at the time of the fall, was walking from the landing down the steps to the projector room when one of the concrete facing blocks dislodged, causing him to fall.

Plaintiff commenced this negligence action against SJM and Stanley.  Following joinder of issue and discovery, SJM and Stanley each moved for summary judgment dismissing the complaint.  For its part, SJM argued that as an out-of-possession landlord, it was not liable for plaintiff's injuries and lacked actual or constructive notice of the allegedly dangerous condition of the step.  Supreme Court granted SJM's motion and partially granted Stanley's motion by dismissing plaintiff's complaint against M.W. Kronek, Inc.  Stanley now appeals from that part of the order as granted SJM's motion.

We affirm.  As a general rule, "'an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises'" (Inger v PCK Dev. Co., LLC, 97 AD3d 895, 896 [2012], lv denied 19 NY3d 816 [2012], quoting De Brino v Benequista & Benequista Realty, 175 AD2d 446, 447 [1991]).  There are exceptions.  For example, a landlord has a "'nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress'" (Reynolds v Sead Dev. Group, 257 AD2d 940, 940 [1999], quoting June v Zikakis Chevrolet, 199 AD2d 907, 909 [1993]).  Liability may attach where the out-of-possession landlord has contracted to repair or maintain the premises, has affirmatively created the condition (see Stickles v Fuller, 9 AD3d 599, 600 [2004]; Webb v Audi, 208 AD2d 1122, 1122 [1994]) or has retained a right to

reenter the premises for inspection or repairs and the injury arises from a structural defect or specific statutory violation (see Boice v PCK Dev. Co., LLC, 121 AD3d 1246, ___, 2014 NY Slip Op 07042, *2 [2014]; Brown v BT-Newyo, LLC, 93 AD3d 1138, 1138-1139 [2012], lv denied 19 NY3d 815 [2012]).

In our view, Stanley has not demonstrated that any exception to the general rule applies here. SJM's nondelegable duty to the public is not relevant because plaintiff's injury did not occur in an area open to the public (see De Brino v Benequista & Benequista Realty, Inc., 175 AD2d at 447). There is no record basis to conclude that SJM contracted to repair or maintain the premises after it entered into the lease with plaintiff's employer in 1999. Rather, the lease between SJM and plaintiff's employer divests the former of any obligation to maintain the premises. Plaintiff's employer confirmed during his examination before trial that he did all the maintenance and repair work and that SJM never paid for any repairs or maintenance during the term of the lease. Although SJM retained a right under the lease to re-enter the premises, this "'is insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord'" (Hart v O'Brien, 72 AD3d 1257, 1259 [2010], quoting Grady v Hoffman, 63 AD3d 1266, 1268 [2009]).

We also agree with Supreme Court that the condition of the stairway was not sufficient to impose liability upon SJM. Assuming, without deciding, that the stairway did not conform to the New York State Building Code provision with regard to the width of stair treads (see 9 NYCRR former 713.1), the condition does not constitute a significant structural defect or statutory violation as would be necessary to find that SJM had constructive notice of the loose concrete block (see Boice v PCK Dev. Co., LLC, 2014 NY Slip Op 07042 at *2; Drotar v 60 Sweet Thing, Inc., 106 AD3d 426, 427 [2013]; Brown v BT-Newyo, LLC, 93 AD3d at 1139). Accepting plaintiff's descriptions of the accident, the stairway and the condition of the step, his fall was not attributable to the width of the tread, but rather its instability. Finally, Supreme Court properly determined that SJM did not create the allegedly dangerous condition. Plaintiff's expert does not assert that the stairs were negligently designed,

but rather that they were not constructed in accordance with the specifications. Although SJM retained Stanley to construct the stairway in accordance with the architectural plans, as a general rule, SJM is not liable for the independent contractor's alleged negligent construction (see D'Allaird v Markline Sales, Inc., 104 AD3d 1110, 1112 [2013]).[1] Although SJM provided the architectural plans when the work commenced, Stanley's owner acknowledged that SJM's only involvement with the construction was to pay for it, SJM was not at the work site and did not provide any equipment or materials, and Stanley did not discuss the stairway construction with Mitchell. We therefore agree with Supreme Court that there was no evidence to support a finding that SJM had any right to supervise or control the work being performed (see Richardson v Simone, 275 AD2d 576, 576,[2000]; compare, Boise v PACK Dev. Co., LLC, 2014 NY Slip Op 07042 at *2; Stickles v Fuller, 9 AD3d 599 at 600-601).

Stein, J.P., Garry, Rose and Devine, JJ., concur.

---

[1] While an exception to this rule may exist where the injuries are caused by a defect created by an independent contractor and when the owner who retained the contractor is under a duty to keep the premises safe (see June v Zikakis Chevrolet, 199 AD2d 907, 909 [1993]), it is not applicable here because SJM is an out-of-possession landlord, the alleged design and construction defect existed prior to the leasehold and plaintiff was injured in an area that was not accessible to the public (see De Brino v Benequista & Benequista Realty, Inc., 175 AD2d at 446; Mancini v Cappiello Realty Corp., 144 AD2d 154, 155 [1988], lv denied 73 NY2d 708 [1989]).

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court