■ WILLIAM DiMARZO et al., Respondents, v JONES LANG LA- SALLE AMERICAS INC. et al., Appellants. (And a Third-Party Action.) [9 NYS3d 872]—Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 16, 2014, which, in this action for personal injuries sustained when plaintiff William DiMarzo tripped over an extension cord, denied defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record presents triable issues of fact as to whether defendants caused the condition that caused plaintiff's fall. A security manager for the premises testified that after viewing video footage from two days before the accident, he observed defendants' employees working at the subject location the weekend before the accident. Furthermore, issues of fact exist as to whether defendants had constructive notice of the extension cord that was on the floor prior to the accident. Defendants never established when the subject location was last inspected by their employees before plaintiff fell even though their witnesses testified that defendants would inspect the area (*see Moore v 1772 Weeks Ave. Hous. Dev. Fund Corp.*, 123 AD3d 456 [1st Dept 2014]; *Sabalza v Salgado*, 85 AD3d 436, 437-438 [1st Dept 2011]).

The fact that the extension cord was bright yellow, the floor was white and the cord was seen by two nonparty witnesses prior to the accident does not establish that the condition was open and obvious. Plaintiff testified that his accident did not happen until after he passed the portable air conditioning unit and that from his vantage point, the air conditioning unit obscured a view of the extension cord (*see Powers v 31 E 31*

*LLC*, 123 AD3d 421, 422-423 [1st Dept 2014]; *Drotar v 60 Sweet Thing, Inc.*, 106 AD3d 426, 427 [1st Dept 2013]). Concur— Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.