Schiavone v Seaman Arms, LLC (2019 NY Slip Op 08955)





Schiavone v Seaman Arms, LLC


2019 NY Slip Op 08955


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10575 161990/15

[*1] Michael A. Schiavone, et al., Plaintiffs-Respondents,
v
Seaman Arms, LLC, Defendant-Appellant.


Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for appellant.
Hasapidis Law Office, Scarsdale (Annette Hasapidis of counsel), for respondent.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered September 13, 2018, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff firefighter Michael Schiavone was injured while responding to a fire at a residential building owned by defendant. Schiavone testified that he was on the building's roof and as he was attempting to remove a piece of the roof that a fellow firefighter had cut open to allow for ventilation, his momentum carried him backwards and he stepped on something that caused him to fall. Although Schiavone did not initially see what caused his fall, he stated that when he stood up, he noticed that there was debris, including roofing materials and pieces of wood, which appeared to be from prior repair work on the roof.
The court properly denied the motion for summary judgment, since defendant failed to satisfy its prima facie burden of showing that it did not have constructive notice of the debris on the roof. Defendant did not offer evidence as to when the roof was last inspected or cleaned prior to plaintiff's fall, even though its resident manager testified that he would routinely inspect the roof about once a month (see DiMarzo v Jones Lang LaSalle Ams. Inc., 129 AD3d 490 [1st Dept 2015]; Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). Although Schiavone testified that initially, he did not know what caused him to fall, he later consistently testified that his fall was caused by debris from a prior roof repair, which presents a triable issue of fact (see Figueroa v City of New York, 126 AD3d 438, 440 [1st Dept 2015]; Cuevas v City of New York, 32 AD3d 372, 373 [1st Dept 2006]).
Furthermore, since defendant was unable to satisfy its prima facie burden as to plaintiffs' common-law negligence claim, it was not entitled to dismissal of plaintiffs' claims pursuant to General Obligations Law § 11-106 and General Municipal Law § 205-a
(see Jensen v Oak Point Assets, 295 AD2d 114, 114-115 [1st Dept 2002]; Lusenskas v Axelrod, 183 AD2d 244, 248 [1st Dept 1992], appeal dismissed 81 NY2d 300 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK