■ CLARENCE COATES et al., Appellants-Respondents, v KRAFT FOODS, INC., Also Known as KRAFT GENERAL FOODS, et

al., Respondents-Appellants. [693 NYS2d 711] —Carpinello, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered April 3, 1998 in St. Lawrence County, which, *inter alia,* partially granted defendants' motion for summary judgment and dismissed the Labor Law § 240 (1) and § 241 (6) causes of action in plaintiffs' complaint.

On March 6, 1996, plaintiff Clarence Coates (hereinafter plaintiff) was a contract employee hired to shuttle trailers in the yard of defendants' St. Lawrence County facility. This job entailed connecting trailers to a tractor and moving the trailers to loading docks. Some of the trailers were equipped with refrigeration units, known as reefers. If a particular reefer was not working because of low fuel or a dead battery, plaintiff would try to solve the problem by checking its fuel and water levels or, if necessary, jump starting it with cables. It was not uncommon for reefers to need a jump start during cold weather; in fact, this was a routine practice undertaken by plaintiff.

On the day of his accident, a particular reefer would not start and plaintiff intended to jump-start it. He climbed onto the "fifth wheel" of the tractor and was in the process of checking the water and oil levels of the reefer when he slipped and fell. According to plaintiff's deposition testimony, he personally cleaned the fifth wheel earlier that morning and its surface was smooth and completely free of all snow, ice and debris when he climbed onto it. Significantly, plaintiff does not know what caused him to slip. Plaintiff and his wife, derivatively, commenced this action asserting common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6) claims. At issue on appeal is Supreme Court's order granting defendants' motion for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims, but denying their motion to dismiss the common-law negligence and Labor Law § 200 claims.

Summary judgment was properly granted on plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action. Labor Law § 240 (1) affords protection to workers who require specialized protective devices because of their exposure to the particular hazards resulting from work-site elevation differentials (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501). Plaintiff's work on the morning of the accident, including standing on the fifth wheel checking oil and water levels of a reefer, did not entail an elevation-related risk associated with "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]) because this task did not constitute "a repair" of that unit (*cf., Craft v Clark Trading Corp.,* 257 AD2d 886) . In our view, a

reefer with a low or dead battery is not broken, and does not need to be repaired (*see, Smith v Shell Oil Co.*, 85 NY2d 1000, 1002). Rather, given the frequency with which he checked the fluid levels of reefers and jump-started them in the event of a low or dead battery, plaintiff's work was more akin to routine maintenance. In this vein, plaintiff's supervisor testified that defendants were unauthorized to repair reefers and did not do so. According to the supervisor, if a reefer's battery was unable to be revived with jumper cables, the entire trailer was placed out of service. This evidence went unrefuted. Supreme Court's dismissal of plaintiff's Labor Law § 241 (6) claim was similarly appropriate in that plaintiff's injuries did not result from an accident in which construction, demolition or excavation was being performed (*see,* Labor Law § 241 [6]; *see also, Houde v Barton,* 202 AD2d 890, 894-895, *lv dismissed* 84 NY2d 977).

Plaintiff's account of the accident establishes that there was no dangerous condition on the premises which caused the accident, rather it was obviously caused by the manner in which he chose to check the reefer (climbing onto the fifth wheel), but questions of fact persist concerning whether defendants exercised supervisory control over the manner in which plaintiff performed his work. Accordingly, the common-law negligence and Labor Law § 200 claims were properly left intact (*cf., Lombardi v Stout,* 80 NY2d 290, 295).

Mikoll, J. P., Mercure, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.