BRAD DAVIDSON, Respondent, v WALTER AMBROZEWICZ et al., Appellants. [785 NYS2d 149]—

Mugglin, J. Appeal from an order of the Supreme Court (Clemente, J.), entered July 2, 2003 in Sullivan County, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.

Plaintiff was employed by Pestech Exterminating, Inc., which had contracted with defendants to rid their commercial building of an infestation of bats. To keep the bats from reentering the building, plaintiff and his coworkers, among other things, filled large gaps with new wood, replaced fascia board and roof flashing, filled smaller holes and cracks with expanding foam or plastic caulk and installed protective screens on the windows. Plaintiff utilized his employer's "bucket truck" to work on the higher portions of the building. On the third day of work, plaintiff had fully extended the 25-foot boom of this truck when it collapsed, dropping him to the ground, causing injury.

Plaintiff brought this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following completion of discovery, plaintiff moved for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1). Defendants opposed the motion and cross-moved for summary judgment dismissing plaintiff's entire complaint. Supreme Court granted plaintiff's motion for partial summary judgment and denied

defendants' cross motion for summary judgment. Defendants appeal.

Defendants first assert that plaintiff is not entitled to the protection of Labor Law § 240 (1) as he was engaged in routine maintenance, not the repair of the building. Because Labor Law § 240 (1) does not extend protection to workers engaged in routine maintenance (*see Smith v Shell Oil Co.*, 85 NY2d 1000, 1001-1002 [1995]), but does protect workers engaged in repairing a building, "[t]he critical inquiry in determining coverage under the statute is 'what type of work the plaintiff was performing at the time of injury' " (*Panek v County of Albany*, 99 NY2d 452, 457 [2003], quoting *Joblon v Solow*, 91 NY2d 457, 465 [1998]). We are persuaded, as was Supreme Court, that the record contains sufficient evidence to demonstrate that plaintiff's work constituted repairs to this building, not routine maintenance. This conclusion finds further support in the fact that removal of a bat infestation is an isolated event (*see Coates v Kraft Foods*, 263 AD2d 734, 735-736 [1999]).

Defendants next argue that even if plaintiff was engaged in repairs to the building, the recalcitrant worker defense bars any recovery. Defendants' argument is premised on plaintiff's alleged violation of his employer's instructions not to use the bucket hoist on the truck. The recalcitrant worker doctrine allows a defendant to escape liability under Labor Law § 240 (1) when it is shown that the injured worker refused to use the safety devices provided by the employer (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563 [1993]). However, an ignored instruction to avoid using unsafe equipment is not the equivalent of a refusal to use available safe equipment and such evidence, by itself, does not create an issue of fact sufficient to support a recalcitrant worker defense (*see id.*).

Defendants also argue that plaintiff's own negligence was the proximate cause of the accident so that liability may not be predicated under Labor Law § 240 (1). Where no violation of the statute is shown, a Labor Law § 240 (1) claim will not lie where the plaintiff's actions were the sole proximate cause of the accident as "it is conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Defendants' argument is unpersuasive. In *Blake*, there was no statutory violation because the safety device admittedly was wholly adequate for the performance of the job. Here, plaintiff was furnished with equipment that his employer knew was defective, a clear violation of the statute.

Even if we credit plaintiff's employer's claim that he directed plaintiff not to use the bucket hoist, plaintiff's disregard of such directive constitutes only comparative negligence which is not a defense to a Labor Law § 240 (1) claim (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]).

As liability under Labor Law § 240 (1) has been established, leaving only the issue of damages to be tried, we find it unnecessary to address defendants' remaining arguments that Supreme Court erred in not granting that portion of their cross motion seeking dismissal of plaintiff's Labor Law §§ 200 and 241 (6) claims.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.