Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 13, 2011, which, to the extent appealed from, granted the motion by defendant Consolidated Edison of New York, Inc. for summary judgment dismissing plaintiffs Labor Law § 240 (1) cause of action and denied plaintiffs cross motion for partial summary judgment on the same claim, unanimously reversed, on the law, without costs, defendant’s motion denied, and plaintiffs cross motion granted.
Plaintiff, a laborer, was injured when he fell into a steam manhole that was part of defendant’s steam distribution system in lower Manhattan. Plaintiff was employed by nonparty Felix Associates LLC (Felix) when the accident occurred. At around the time of the accident, New York City was beset by a nor’easter that threatened the metropolitan area with heavy rain, strong wind gusts and high tides. Due to the severity of the storm, defendant engaged Felix to supplement its effort in *607 responding to vapor conditions* and pumping water out of flooded manholes.
On the evening of April 15, 2007, plaintiff and a coworker were dispatched to respond to a heavy vapor condition at Broad Street, north of Water Street. A gust of wind caused plaintiff to stumble and fall into the manhole which his coworker had uncovered. Plaintiff landed in a pool of boiling water that reached his chest. The boiling water was caused by torrential rain that flooded the manhole and contacted the steam main. In an accident investigation report, defendant acknowledged that “[s]evere weather conditions lead [sic] to a loss of hazard protection around the exposed manhole.” Defendant’s general manager for Steam Operations testified that such hazard protection would have consisted of a railing. In granting defendant’s motion and denying plaintiffs cross motion, the motion court found plaintiffs work to be routine maintenance that involved a common problem. We reverse.
Labor Law § 240 (1) affords protection to workers engaged in “the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure.” Whether a particular activity constitutes a “repair” or routine maintenance must be decided on a case-by-case basis, depending on the context of the work (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878 [2003]). A factor to be taken into consideration is whether the work in question was occasioned by an isolated event as opposed to a recurring condition. For example in Davidson v Ambrozewicz (12 AD3d 902 [3d Dept 2004]), the Court concluded, in part, that work performed by the employee of an extermination contractor constituted a repair because a bat infestation he was engaged to remedy constituted “an isolated event” (id. at 903).
The record here demonstrates that the work performed by plaintiff at the time of his injury was far from routine. The accident report describes the condition plaintiff was required to address as follows: “The Broad and Water Street Steam main was flooded from water infiltration due to extremely heavy rainfall. The location is equipped with a pumping station which is located directly west of this manhole, on the sidewalk. At the time of the incident the pump was inoperable due to an obstructed discharge pipe and electrical issues . . . The inoperability of this pump is not considered a direct cause of the flood *608 ing condition. If the pump was operating, the rate of water entering the manhole would have exceeded the capacity of the pump. Once the vapor condition was detected during a system survey, the Felix crew was dispatched to pump out the manhole.” On these facts, we find that plaintiff was engaged in a repair contemplated by the statute insofar as he was called upon to address a flooding condition that exceeded the capacity of the pumping station.
The motion court correctly found that the manhole meets the definition of a structure as that term is used in the statute. A structure is “a production or piece of work artificially built up or composed of parts joined together in some definite manner” (Smith v Shell Oil Co., 85 NY2d 1000, 1001-1002 [1995] [internal quotation marks and citations omitted]). Moreover, it is undisputed that plaintiff and his co-worker had to expose the manhole in order to pump out the subterranean water. Therefore, the motion court correctly found that plaintiff’s injury resulted from an elevation-related hazard that Labor Law § 240 (1) is intended to obviate (see e.g. Allen v City of Buffalo, 161 AD2d 1134 [4th Dept 1990]). Concur — Mazzarelli, J.E, Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ. [Prior Case History: 2011 NY Slip Op 30918(11).]

 Defendant’s Operation and Maintenance Manual defines a steam vapor condition as “[sjteam vapor or heat resulting from a defect in the distribution system or from an outside water source coming into contact with distribution piping.”