Mizenko v Intertech Digital Entertainment, Inc. (2022 NY Slip Op 02329)

Mizenko v Intertech Digital Entertainment, Inc.

2022 NY Slip Op 02329

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

533507
[*1]Joanne Mizenko et al., Respondents,
v
Intertech Digital Entertainment, Inc., Appellant.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Hurwitz & Fine, PC, Buffalo (Scott Kagan of counsel), for appellant.
Law Office of Edward P. Ryan, Albany (Christopher P. Meyer of counsel), for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Slezak, J.), entered May 24, 2021 in Fulton County, which denied defendant's motion for, among other things, summary judgment dismissing the complaint.
In May 2015, plaintiff Joanne Mizenko stepped into an open hatch in the floor of her laundry room and fell into the crawl space below, breaking her leg. The hatch door had been left open while defendant's employee (hereinafter the installer) was installing a satellitetelevision system in the home. Defendant had been subcontracted by the satellite television companyto perform the installation. Plaintiffs commenced this negligence action against defendant, which thereafter commenced what it denominated a third-party action against plaintiff Michael Mizenko (hereinafter Mizenko) for common-law indemnification.[FN1] Defendant thereafter moved for summary judgment, seeking dismissal of the complaint or, in the alternative, a conditional order of indemnification against Mizenko. Supreme Court denied the motion in its entirety, and defendant appeals.
"'Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party'" (Vogle v North Country Prop. Mgt., LLC, 170 AD3d 1491, 1492 [2019], quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Generally, a contracting party does not owe a duty of care to a noncontracting third party(see Buckley v 18 E. Main St., LLC, 199 AD3d 1283, 1284 [2021]). However, there are three recognized exceptions to this general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 140 [internal quotation marks and citations omitted]; accord Ramsey v Temco Serv. Indus., Inc., 179 AD3d 726, 727 [2020]).
Defendant first argues that it was entitledtosummary judgment on the ground that it owed no duty to plaintiffs in that it was not in a contractual relationship with them, and none of the Espinal exceptions applies. In opposition, plaintiffs argue that there were questions of fact in connection with the first Espinal exception such that summary judgment is precluded.
Under the first Espinal exception, a contracting party may be found to have launched a force or instrument of harm when that party creates or exacerbates a dangerous condition (see McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1162 [2022]). Here, there is a question of fact as to who opened the hatch door. That is, while the installer testified during his deposition that it was Mizenko who opened it, Mizenko, by contrast, testified that the two of them opened it [*2]together. As such, it is for a trier of fact to resolve whether defendant owed plaintiffs a duty by playing a role in creating the allegedly dangerous condition. In addition, regardless of who opened the hatch, the record reveals that once it was opened in furtherance of defendant's job performance, the installer took no steps to safeguard the opening.Contrary to defendant's contention, it is of no moment whether it was Mizenko or the installer who decided to use the hatch as the means of access to the laundry room, since access to the room was a necessary part of the work and the installer agreed to this course of action. Thus, Supreme Court properly denied defendant's motion for summary judgment on this ground (see Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 453 [2018]; Hahn v Tops Mkts., LLC, 94 AD3d 1546, 1548 [2012]; Wyant v Professional Furnishing and Equip., Inc., 31 AD3d 952, 954 [2006]).
Turning next to defendant's argument that it was entitled to summary judgment on the issue of proximate cause, Supreme Court correctly denied the motion on this ground as well.To the extent that defendant claims that it did not proximately cause Joanne Mizenko's injury because the installer did not open the hatch, as discussed above, there is a question of fact in this regard. Although defendant also points to Joanne Mizenko's admission that she failed to watch where she was walking, such proof does not establish that defendant was free from comparative fault (see Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1187 [2018]). Finally, given the absence of proof that defendant was not negligent as a matter of law, Supreme Court properly denied that aspect of defendant's motion that sought a conditional order of common-law indemnification (see Hannigan v Staples, Inc., 137 AD3d 1546, 1550 [2016]; Miranda v Norstar Bldg. Corp., 79 AD3d 42, 50 [2010]).
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: As Mizenko is a plaintiff, defendant's claim against him for common-law indemnification is a counterclaim and not a third-party claim, as defendant labeled it (see Gunderman v Sure Connect Cable Installation, Inc., 101 AD3d 1214, 1215 n 2 [2012]; Bast Hatfield, Inc. v Joseph R. Wunderlich, Inc., 78 AD3d 1270, 1273 n 1 [2010]).