Cole v Triple M Excavating & Trucking LLC (2025 NY Slip Op 01994)

Cole v Triple M Excavating & Trucking LLC

2025 NY Slip Op 01994

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

CV-24-1048
[*1]James Cole, Appellant-Respondent,
v
Triple M Excavating & Trucking LLC et al., Respondents-Appellants.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Kenneth J. Gorman, New York City, for appellant-respondent.
Kessler Law Offices, Westtown (Leonard Kessler of counsel), for Triple M Excavating & Trucking LLC, respondent-appellant.
Penino & Moynihan LLP, White Plains (Edward J. Barbour of counsel), for Marc A. Baez, respondent-appellant.

Reynolds Fitzgerald, J.
Cross-appeals from an order of the Supreme Court (Meagan Galligan, J.), entered May 14, 2024 in Sullivan County, which denied plaintiff's cross-motion for partial summary judgment and denied defendants' motions for summary judgment dismissing the complaint.
On June 23, 2021, plaintiff was riding a motorcycle on a portion of West Lake Street located within the Town of Liberty, Sullivan County, when he lost control of the motorcycle and suffered various injuries. Thereafter, plaintiff commenced the instant action against defendants Triple M Excavating & Trucking LLC and Marc A. Baez alleging that Triple M discharged mud onto West Lake Street while performing excavation work on property owned by Baez. Following joinder of issue, Baez moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on the issue of liability. Additionally, Triple M cross-moved for summary judgment dismissing the complaint. Supreme Court denied each motion finding issues of fact. These cross-appeals ensued.
We affirm. "Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action. The moving party's failure to make a prima facie showing of entitlement to summary judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Taylor v Appleberry, 214 AD3d 1142, 1144 [3d Dept 2023] [internal quotation marks and citations omitted]; see McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1160 [3d Dept 2022]; CPLR 3212 [b]). "When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations"(Grant v Temple, 216 AD3d 1351, 1352 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon, 230 AD3d 885, 886 [3d Dept 2024]).
We will first address plaintiff's cross-motion. Plaintiff contends that Supreme Court should have granted his motion for summary judgment because defendants' violation of Vehicle and Traffic Law § 1219 constitutes negligence per se. Vehicle and Traffic Law § 1219 (a) provides that "[n]o person shall throw or deposit upon any highway any glass bottle, glass, nails, tacks, wire, cans, snow or any other substance likely to injure any person, animal, or vehicle upon such highway." Mud is included under "any other substance" of Vehicle and Traffic Law § 1219 (see Stanton v Gasport View Dairy Farm, 221 AD2d 1000, 1000 [4th Dept 1995]). "Although it is well settled that a defendant's unexcused violation of the Vehicle and Traffic [*2]Law constitutes negligence per se, liability does not result unless the violation was a proximate cause of the accident" (Holownia v Caruso, 183 AD3d 1035, 1036 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 902 [2020]; see Ohl v Smith, 215 AD3d 1019, 1020 [3d Dept 2023])."Notably, even where a party is found to be negligent due to violation of a statute, proximate cause remains a question of fact to be decided by jury" (Pasternak v County of Chenango, 226 AD3d 1220, 1225 [3d Dept 2024] [citations omitted]; see Pineiro v Rush, 163 AD3d 1097, 1098-1099 [3d Dept 2018]). In support of his cross-motion, plaintiff submitted each party's and a nonparty witness' deposition testimony, the police accident report and numerous photographs. At his deposition, plaintiff testified that he was driving in a lane opposite to where the mud had allegedly been discharged onto the road. Additionally, he admitted that he had not yet reached Baez's property.[FN1] Plaintiff stated that he was driving on the center line, that he saw mud on the road, let off the throttle, swerved and the bike went into a slide which he could not correct. As to the deposition testimony from the nonparty witness, she stated that she did not witness the accident, nor did she witness either defendant deposit mud onto the highway. Moreover, we agree with Supreme Court that her testimony stating that the road condition was dangerous was conclusory. Viewing the evidence in the light most favorable to the nonmoving parties and affording defendants the benefit of every reasonable inference, we conclude that plaintiff failed to meet his initial burden with respect to defendants' negligence or proximate cause. Under these circumstances, the issue of whether the mud proximately caused plaintiff's accident must be decided by a jury (see Burnett v Allen, 218 AD3d 1190, 1191 [4th Dept 2023]; Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1187 [3d Dept 2018]; Pineiro v Rush, 163 AD3d at 1098-1099).
Turning to Triple M's cross-motion, "[a]lthough a contractual obligation generally does not give rise to tort liability in favor of a noncontracting third party, one exception to this principle applies, and creates a duty of care, where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Demarest v Village of Greenwich, 224 AD3d 1196, 1197 [3d Dept 2024] [internal quotation marks and citations omitted]; see Mizenko v Intertech Digital Entertainment, Inc., 204 AD3d 1151, 1152 [3d Dept 2022]). "[A] contracting party may be found to have launched a force or instrument of harm when that party creates or exacerbates a dangerous condition" (Mizenko v Intertech Digital Entertainment, Inc., 204 AD3d at 1152; see Belmonte v Guilderland Assoc., LLC, 112 AD3d 1128, 1129 [3d Dept 2013]). Triple M contends that it did not create a dangerous condition which caused plaintiff to lose control of his motorcycle[*3]. In support of its motion, the sole member of Triple M testified at his deposition that he did not transport any equipment to Baez's property on the day of the accident and that on those occasions when he did transport equipment to the property he traveled exclusively in the opposite direction of where the accident occurred. Additionally, he claimed that he did not bring in any fill or dirt to Baez's property. He averred that he had brought stone to Baez's property driving his personal 10-wheeler truck but had turned right onto Baez's property — indicating that he was coming from the opposite direction of the scene of the accident. Triple M's member further testified that he placed a silt fence around the entire property.[FN2] Based on the foregoing, Triple M made a prima facie showing of entitlement to summary judgment. In opposition, plaintiff raised a material question of fact as to whether Triple M negligently dispersed mud onto the road by referencing a portion of the transcript wherein Triple M's member stated that he had disturbed the soil on Baez's property and that no silt fence was placed near Baez's driveway. Additionally, plaintiff submitted pictures of the road taken at the time of the accident depicting mud and tire tracks turning from Baez's property toward the area where the accident occurred. As such, a jury must determine what role, if any, Triple M played in creating the allegedly dangerous condition.
Lastly, turning to Baez's motion, he asserts that Supreme Court erred in treating both defendants as one entity. We agree; however, we are unpersuaded that the court erred in denying him summary judgment. "Since a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Demarest v Village of Greenwich, 224 AD3d at 1197 [internal quotation marks and citations omitted]; see E.W. v Madison-Oneida Bd. of Coop. Educ. Servs., 232 AD3d 1163, 1163 [3d Dept 2024]). "When an alleged defect or dangerous condition arises from a contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law" (Lopez v 6071 Enters., LLC,159 AD3d 1092, 1094 [3d Dept 2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 903 [2018]; see Rosenblatt v Wagman, 56 AD3d 1103, 1104 [3d Dept 2008]). To prevail on a claim against a landowner under these circumstances, there must be a showing that the owner supervised or controlled the manner or methods by which the contractor did his or her work or that the owner exercised direct supervision and control over the work at the time of the accident (see Doskotch v Pisocki, 168 AD3d 1174, 1177 [3d Dept 2019]; Rought v Price Chopper Operating Co., Inc., 73 AD3d 1414, 1416 [3d Dept 2010]). At his deposition, Baez testified that he was not present at the time of the accident and was unaware of any complaints of [*4]mud but failed to address the issue of supervision or control. In fact, he made no assertions to the effect that he did or did not direct or control the manner and method by which Triple M did its work. As such, he failed to eliminate all triable issues of fact, thus precluding his demonstration of a prima facie case (see Venter v Cherkasky, 200 AD3d 932, 933 [2d Dept 2021]; Coates v Kraft Foods, 263 AD2d 734, 736 [3d Dept 1999]). Thus, Supreme Court properly denied each motion for summary judgment (see Mizenko v Intertech Digital Entertainment, Inc., 204 AD3d at 1152; Myers v Home Energy Performance by Halco, 188 AD3d 1327, 1330 [3d Dept 2020]; Meil v Syracuse Constrs., 19 AD2d 10, 13-14 [4th Dept 1963]).
Garry, P.J., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The accident occurred uphill of Baez's property.

Footnote 2: A silt fence is a temporary barrier made of permeable fabric that is used to slow and capture sediment-laden runoff.